**JALOR COLOR GRAPHICS, INC.,**
Plaintiff–Appellant,

v.

**KNOLL PHARMACEUTICAL
COMPANY, Defendant–
Appellee.**

Docket No. 01–7089.

United States Court of Appeals,
Second Circuit.

Nov. 1, 2001.

Carl E. Person, Esq., Walter C. Reid, on the brief, Person & Reid, New York, NY, for appellant.

Frederick B. Warder, III, Esq., Patterson, Belknap, Webb & Tyler, New York, NY, for appellee.

Present WALKER, Chief Judge, NEWMAN and KEARSE, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Jalor Color Graphics, Inc. ("Jalor") appeals from the December 28, 2000 judgment granting defendant-appellant Knoll Pharmaceutical Company's ("Knoll") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismissing Jalor's amended complaint. In the action below, Jalor claimed breach of oral contract and its implied covenants of good faith and fair dealing as well as promissory estoppel.

This appeal arises from Knoll's termination of its relationship with Jalor whereby Knoll, a manufacturer of pharmaceutical drugs, would invite Jalor, a printer, to competitively bid on a job-by-job basis for print jobs related to Knoll marketing and advertising campaigns. Jalor claims that it was offered by Knoll the opportunity to be a "key player" or "printer of last resort" in the anticipated launch of Knoll's new drug Meridia. In the instant suit, Jalor complains that, after it accepted this offer and incurred expenses in anticipation of winning print jobs, Knoll informed Jalor that it would be removed from Knoll's preferred provider list, would no longer be asked to bid on Knoll printing jobs, and would not be allowed to perform a job related to the Meridia launch for which Jalor had already been designated the low bidder. Applying New Jersey law, the district court did not reach the breach of good faith and fair dealing claims, finding instead that the claimed oral "key player" agreement was too vague to be enforceable and lacked consideration, and that Jalor had failed to adduce any evidence to support several of the elements of its promissory estoppel claim.

On appeal, Jalor argues that the district court erred because (1) the parties' "key player" agreement was sufficiently clear to be enforceable and did not lack consideration; (2) Jalor did adduce sufficient evidence to raise a material issue concerning its promissory estoppel claim; and (3) the district court improperly determined issues of fact, such as whether the parties intended to enter a contract, which should have been left to the trier of fact.

Reviewing Jalor's claims *de novo*, and interpreting the evidence in the light most favorable to the non-moving party, *VKK Corp. v. National Football League,* 244 F.3d 114, 118 (2d Cir.2001), we are unpersuaded by Jalor's arguments. It is well established in New Jersey that "[w]here the parties do not agree to one or more essential terms ... courts generally hold that the agreement is unenforceable." *Weichert Co. Realtors v. Ryan,* 128 N.J. 427, 608 A.2d 280, 284 (N.J.1992). Here, as the district court correctly found, the parties did not reach agreement on such essential terms as compensation, duration of the agreement, quantity, and the dates of delivery and production. Relying principally on *Nevets C.M., Inc. v. Nissho Iwai American Corp.,* 726 F.Supp. 525, 532 (D.N.J.1989), Jalor claims that the parties

had an enforceable agreement to negotiate in good faith and that any missing terms would be determined by the bidding process or could otherwise be added by the court. Jalor's argument fails because, as is evident from *Nevets* itself, courts will imply only "casual and incidental provisions," and they will do so only after "negotiations are in fact concluded and the contract is complete in all its essential and material terms and the parties intend it shall be obligatory." *Id.* (citation and internal quotation marks omitted). Given the parties' reliance on the competitive bidding process to determine whether the parties would even agree to contract for a specific job and the essential terms therefor, the "key player" agreement was plainly "a promise to negotiate a contract in the future should the defendant decide to" accept plaintiff's bid. *Bergin v. Century 21 Real Estate Corp.*, No. 98 Civ. 8075, 2000 WL 223833, at *6 (S.D.N.Y. Feb.25, 2000) (applying New Jersey law). Thus, there was no enforceable contract.

Because we find the "key player" agreement insufficiently particular to amount to an enforceable contract, we need not reach Jalor's arguments concerning consideration or breach of the oral contract's implied duties of good faith and fair dealing.

█ Finally, the lack of agreement on essential terms also proves fatal to Jalor's promissory estoppel claim because, in the absence of these terms, Jalor cannot present sufficient evidence to satisfy the required element of a "clear and definite promise." *See Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank*, 163 N.J.Super. 463, 395 A.2d 222, 230 (N.J.Super.Ct.App.Div.1978).

Having carefully considered Jalor's remaining arguments, we find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**